IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MICHAEL TODD | ) |
| Plaintiff | 13CV4995<br>Judge Coleman<br>Mag. Judge Mason |
| v. | |
| AGR GROUP, INC. | ) |
| Defendant | ) ) |

**COMPLAINT**

FILED
JUL 12 2013
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

NOW COMES Plaintiff, Michael Todd, *pro se*, who brings this Complaint and states as follows:

In 1991, Congress enacted the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq.*, to regulate the explosive growth of the telemarketing industry. In doing so, Congress recognized that "unrestricted telemarketing…can be an intrusive invasion of privacy…" 47 U.S.C. § 227, Congressional Statement of Findings # 5. Specifically, in enacting the TCPA, Congress outlawed telemarketing via unsolicited automated or pre-recorded telephone calls, finding:

> Evidence compiled by the Congress indicates that residential telephone subscribers consider automated or prerecorded telephone calls, regardless of the content or the initiator of the message, to be a nuisance and an invasion of privacy.
> Banning such automated or prerecorded telephone calls to the home, except when the receiving party consents to receiving the call…is the only effective means of protecting telephone consumers from this nuisance and invasion of privacy.
> 47 U.S.C. § 227, Congressional Statement of Findings ## 10 and 12.

Parties, Jurisdiction and Venue

1. Plaintiff, Michael Todd (herein "Plaintiff" or "Todd") is an individual person who at all

relevant times herein resided at 9134 Del Prado Dr., 2N, Palos Hills, IL 60465.

2. Defendant, AGR GROUP, INC., (herein "AGR") is a California corporation that routinely conducts business in this district.

3. 47 U.S.C. § 227 *et seq.* presents a federal question and as such jurisdiction arises under 28 U.S.C. § 1331. Jurisdiction is also proper under 28 U.S.C. § 1332 as the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs and is between citizens of different States. Venue is proper as AGR conducts business in this district, all actions herein were directed at Todd into this district, and Todd was damaged in this district. This court may also exercise supplemental jurisdiction over the related state law claims arising out of the same nucleus of operative facts which give rise to any federal law claims under 28 U.S.C. § 1367.

## Legal Basis of the Claims

4. The claims of Plaintiff arise, in part, pursuant to the provisions of the TCPA, a federal statute enacted to prohibit unreasonable invasions of privacy via certain telemarketing practices.

5. The TCPA specifically prohibits any person from initiating any telephone call to any residential telephone line using an artificial or prerecorded voice to deliver a message without the prior express consent of the called party, unless the call is initiated for emergency purposes or is exempted by rule or order of the Federal Communications Commission.

## Factual Allegations

6. On July 9, 2013, AGR began placing calls to Todd's residential telephone line at approximately 2:56 p.m.

7. Each and every call received by Todd from AGR began with a prerecorded message describing the availability of a reduced electric rate.

8. From July 9, 2013 at 2:56 p.m. through July 9, 2013 at 4:49 p.m., AGR initiated a total of 207 separate phone calls to Todd.

9. All 207 phone calls initiated by AGR to Todd, were to Todd's residential telephone line by AGR using an artificial or prerecorded voice to deliver a message without Todd's prior express consent.

10. None of the calls initiated by AGR to Todd was for emergency purposes.

11. Todd never gave AGR his prior express consent to receive any artificial or prerecorded message.

12. Todd never had any established business relationship with AGR.

13. The purpose of all calls described herein by AGR was in furtherance of a financial benefit to AGR to sell or attempt to sell products or services to Todd. Accordingly, each call is a "telephone solicitation" under 47 U.S.C. § 227(a)(4) as the calls were each an initiation of a telephone call or message for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services, which is transmitted by any person.

14. AGR is a telemarketer as defined by 47 C.F.R. § 64.1200(f)(11) as it is a person or entity that initiates a telephone call or message for the purpose of encouraging the purchase of, or investment in, property, goods, or services, which is transmitted to any person.

15. At all times relevant to the allegations in this complaint, AGR knew that it was placing telemarketing calls that contained a prerecorded message.

16. Placing the calls containing prerecorded messages was willful or knowing.

17. Todd has been annoyed, harassed, abused, and otherwise oppressed by the actions or inactions of AGR.

18. AGR knows that it is illegal to use prerecorded messages for telemarketing purposes without a caller's prior express consent.

19. Todd has suffered damages as a result of the illegal actions of AGR in the form of anger, anxiety, frustration, fear, upset, amongst other negative emotions.

20. All actions or inactions described above were taken by agents or employees of AGR, calling on behalf of AGR.

## RESPONDEAT SUPERIOR LIABILITY

21. The acts of AGR's agents or employees were committed within the line and scope of their agency or employment relationship with their principal, AGR.

22. The acts and omissions by AGR's agents or employees were incidental to, or of the same general nature as, the responsibilities these agents or employees were authorized to perform by AGR.

23. AGR is therefore liable to Plaintiff through the doctrine of Respondeat Superior for the wrongful, intentional, reckless, and negligent acts, errors, and omissions done by its agents or employees in violation of state and federal law, including but not limited to violations of the TCPA and Illinois law.

## First Claim for Relief: Violations of 47 U.S.C. § 227(b)(1)(B)

24. Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

25. 47 U.S.C. § 227(b) provides, in relevant part:

> (1) Prohibitions. It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States---(B) to initiate any telephone call to any residential telephone line using an artificial or prerecorded voice to deliver a message without the prior express consent of the called party, unless the call is initiated for emergency purposes or is exempted by rule or order of the Commission under paragraph (2)(B).

26. AGR repeatedly violated 47 U.S.C. § 227(b)(1)(B) by initiating 207 telephone calls to Todd's residential telephone line using an artificial or prerecorded voice to deliver a message without Todd's prior express consent when each call was not initiated for emergency purposes or exempted by rule or order of the Commission under paragraph (2)(B).

27. 47 U.S.C. § 227(b)(3) provides:
> PRIVATE RIGHT OF ACTION. – A person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State – (A) an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation, (B) – an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or (C) both such actions. If the court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under subparagraph (B) of this paragraph.

28. Todd seeks $500.00 in statutory damages for each of the 207 calls, treble damages of $1,500 for each of the 207 calls if the evidence shows that AGR willfully or knowingly initiated the 207 calls using an artificial or prerecorded voice to deliver a message without Todd's prior express consent pursuant to 47 U.S.C. § 227(b)(3).

29. Todd has been damaged as a result and AGR is liable to Plaintiff for his damages.

WHEREFORE, Todd demands judgment against AGR for his First Claim for Relief for statutory damages in the amount of $500.00 for each of the 207 calls totaling $103,500.00, treble damages for each of the 207 calls totaling $310,500.00, the costs of this action, and any other relief deemed just and appropriate.

<u>Second Claim for Relief: Invasion of Privacy (Intrusion upon Seclusion)</u>

30. Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

31. The common law of Illinois recognizes an individual's right to be free form invasions of privacy and intrusions upon seclusion, particularly in an individual's own home.

32. The federal Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 et seq., was enacted to protect the privacy interests of residential telephone subscribers, such as Todd, by placing restrictions on unsolicited telephone calls initiated to individuals' residences for commercial purposes, and by imposing obligations upon sellers and telemarketers, such as AGR.

33. In placing 207 separate telemarketing calls to Todd within only a few hours, AGR intentionally, maliciously and with reckless disregard to Todd's rights disregarded AGR's legal duty to refrain from making such unlawful calls, interfered with Todd's right to be left alone, intruded upon Todd's solitude and seclusion, and invaded Todd's privacy in a manner that would be highly offensive to a reasonable person, and which was highly offensive to Todd, and which amounted to a campaign to intentionally and with reckless disregard harass, bother, frustrate, agitate, aggravate, annoy and torment Todd.

34. As a direct and proximate result of AGR's intentional, malicious and wrongful actions done with reckless disregard to Todd's rights by repeatedly calling Todd's home, Todd experienced and suffered outrage, agitation, irritation, frustration, anxiety, aggravation, annoyance, stress and other negative emotions, just as any reasonable person would have experienced or suffered under the same circumstance.

35. AGR is liable to Todd for his damages.

36. Todd is entitled to an award of nominal, compensatory and actual damages against AGR.

37. As the actions were willful, wanton, or with reckless disregard to Todd's rights, Todd is entitled to punitive damages against AGR.

WHEREFORE, Todd demands judgment against AGR for nominal damages, compensatory damages, actual damages, punitive damages, in excess of $75,000, the costs of this action, and any other relief deemed just and appropriate.

## Jury Demand

Plaintiff demands a trial by jury on all of his claims.

Respectfully submitted:_____
Michael Todd, Plaintiff, *pro se*
9134 Del Prado Dr., 2N
Palos Hills, IL 60465
Ph. 708-576-8156
Mtodd75682@aol.com